UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 8:11-CV-1058-T-17AEP |
| ) | |
| CONSTANCE DANIELS, ) | |
| ) | |
| Defendant. ) | |

### MOTION FOR SUMMARY JUDGMENT

Plaintiff United States of America, pursuant to Rule 56, Fed. R. Civ. P., respectfully requests this Court to enter summary judgment as a matter of law in favor of the United States and against the Defendant because there is no genuine issue as to any material fact, and in support thereof, states as follows:

### STATEMENT OF FACTS

On May 13, 2011, the United States filed a Complaint against Defendant to reduce Defendant's unpaid student loans to judgment. (Dkt. No. 1.) On April 18, 2003, Defendant executed a Federal Direct Consolidation Loan Application and Promissory Note. (Exhibit A). This loan was disbursed for $97,463.64, on July 11, 2003, at 8.25 percent interest per annum. The loan was made by the United States Department of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D, of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087(a) et seq. (34 C.F.R. Part 685). (Exhibit B). The Department of Education demanded payment according to the terms of the note, and the borrower defaulted on the obligation on November 18, 2005. After application of all payments received, as of February 28,

2011, Defendant owes the United States $163,910.84, plus pre-judgment interest at the rate of 8.25 percent per annum. (Exhibit B.)

On July 29, 2011, Defendant answered, admitting all allegations except the current balance of the unpaid student loan, which she denied as inaccurate. (Dkt. No. 12.)

## LEGAL MEMORANDUM

### A. Summary Judgment Standard

Suits on promissory notes are suitable for disposition on summary judgment. FDIC v. Cardinal Oil Well Servicing Co., 837 F.2d 1369, 1371 (5th Cir. 1988). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-248. Moreover, "a party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading.' " Anderson, Id. at 248 (quoting First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89 (1968). The moving party discharges his burden on a motion for summary judgment by demonstrating that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. at 325; Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). When the moving party has discharged his burden, the non-moving party must then "go beyond the pleadings and by . . . [his] own affidavits, or by the . . . 'depositions, answers to interrogatories, and admissions on file,'

designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. at 324.  The non-moving party bears the burden of coming forward with sufficient evidence on each element that he must prove.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Earley v. Champion Int'l Corp., 907 F.2d 1077, 1080 (11th Cir. 1990)(citing Celotex Corp. v. Catrett, 477 U.S. at 322-23).  Where the non-moving party cannot muster sufficient evidence to make out a triable issue of fact, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

    **B.**    **The Prima Facie Case**

The prima facie case in a suit on a promissory note is established by the introduction of the note and the sworn transcript of account. United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975).  Here, the United States has established a prima facie case by attaching the Application and Promissory Note, (Exhibit A), and the Certificate of Indebtedness certified by Loan Analyst Rubio Canlas under penalty of perjury (Exhibit B).  Having established a prima facie case, the burden now shifts to Defendant to prove the nonexistence or extinguishment of the debts or a variance in the payment of the obligations. United States v. Irby, 517 F.2d at 1043.

### C. Defendant Has Failed to Raise Any Valid Defenses

The United States has established the amount due through the Application and Promissory Note and the Certificate of Indebtedness (Exhibits A and B). In answering, Defendant admits all of the allegations but denies that the principal and interest are accurate. Such a general denial is an insufficient basis upon which to deny the instant motion. Anderson, 477 U.S. at 248. Defendant will be unable to prove the nonexistence or extinguishment of the debt or a variance in the payment of the obligation, an element essential to Defendant's case, and on which she will bear the burden of proof at trial. Accordingly, it is appropriate for this Court to enter summary judgment where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c).

### CONCLUSION

For the foregoing reasons, there exists no genuine issue as to any material fact and the United States submits that it is entitled to summary judgment as a matter of law. Accordingly, the United States respectfully requests this Court to enter summary judgment against Defendant in the following amounts:

a. For principal in the amount of $109,813.74, together with accrued interest in the amount of $54,097.10, as of February 28, 2011, plus interest at the rate of 8.25 percent per annum and a daily rate of $24.80, until the date of judgment.

b. For post-judgment interest from the date of entry of final judgment at the legal rate until the date of payment;

    c. For such other costs of litigation otherwise allowed by law; and

    d. For such other and further relief as justice requires.

                          Respectfully submitted,

                          ROBERT E. O'NEILL
                          United States Attorney

By:   s/ I. Randall Gold
       I. RANDALL GOLD
       Assistant United States Attorney
       Florida Bar No. 0269062
       Financial Litigation Unit/AEH
       400 North Tampa Street, Suite 3200
       Tampa, Florida 33602
       Telephone:  (813) 274-6105
       Facsimile:   (813) 274-6247
       E-mail:       FLUDocket.mailbox@usdoj.gov

Dated: August 17, 2011

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion for Summary Judgment has been furnished by U.S. mail this 17th day of August, 2011, to the following:

    Constance Daniels, Florida Bar No.: 0057444
    P.O. Box 6219
    Brandon, Florida 33508

                      s/ I. Randall Gold
                      I. RANDALL GOLD
                      Assistant United States Attorney