# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION


UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              CASE NO. 8:11-CIV-1058-T-17-AEP

CONSTANCE DANIELS,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

The cause is before the Court on Plaintiff's motion for summary judgment (Docket No. 13). Although given an opportunity to show cause why this motion should not be granted, the Defendant has failed to come forward with an opposition brief to the motion. Therefore, the Court will review the motion for summary judgment to determine if it should be granted without the benefit of an opposition brief.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. **Sweat v. Miller Brewing Co.**, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. **Hayden v. First**

**National Bank of Mt. Pleasant**, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting **Gross v. Southern Railroad Co.**, 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in **Celotex Corp. v. Catrett**, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548, (1986):

> In our view the plain language of Rule 56© mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" **Celotex Corp.**, at p. 274. As the district court in **Coghlan v. H.J. Heinz Co.,** 851 F.Supp. 808 (N.D. Tex. 1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion,"...the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment...The existence of a mere scintilla of evidence will not suffice...(cites omitted) at 810-811.

The Court must "draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor." **Speciality Malls of Tampa v. The City of Tampa**, 916 F.Supp 1222 (Fla. M.D. 1996). (emphasis added) A court is not required to allow a case to go to trial "when the inferences that are drawn from the evidence, and upon which the non-movant relies are 'implausible.'" **Mize v. Jefferson City Board of Education**, 93 F.3d 739, 743 (11th Cir. 1996).

The Court having reviewed the motion for summary judgment finds it well-taken and the Court notes that the only thing the defendant disputed from the outset of this case was the balance owed on the unpaid student loan in question. However, the defendant has failed to come forward with any evidence in opposition to the existence of the debt or to the amount due and owing. Therefore, summary judgment in favor of the Plaintiff is appropriate. Accordingly, it is

**ORDERED** that the motion for summary judgment be **granted** in favor of the Plaintiff and against the defendant in the amount of $109,813.74, together with accrued interest in the amount of $54,097.10 as of February 28, 2011, plus interested at the rate of 8.25 percent *per annum* and a daily rate of $24.80, until the date of judgment; for post-judgment interest, at the legal rate, from the entry of final judgment until the date of payment; and for such other costs of litigation otherwise allowed by law.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 22nd day of September, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record